1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CROSSAN D. HOOVER, Jr.,                    No. CIV S-11-2064-CMK-P

12                  Petitioner,

13          vs.                                        ORDER

14   ROBERT DOYLE, et al.,

15                  Respondents.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole.  Petitioner has

19   consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has

20   been served or appeared in the action.

21          On September 2, 2011, the court directed petitioner to show cause in writing why

22   his petition should not be summarily dismissed.  In response, petitioner argues that contrary to

23   the court's determination, he did not receive proper procedural due process.

24   / / /

25   / / /

26   / / /

The court set forth the following in the September 2, 2011, order to show cause:

[T]he United States Supreme Court recently observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Id. at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam) (citing  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." Ibid. Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
>         That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due     process. . . .

Id.

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

Here, to the extent petitioner claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because

1  there is no clearly established federal constitutional substantive due
   process right in parole.  To the extent petitioner claims that he was not
2  provided the minimal procedural due process protections of notice and an
   opportunity to be heard, the petition must be denied because it is clear on
3  the face of the petition and documents attached thereto that petitioner was
   provided the minimum procedural protections guaranteed by the federal
4  constitution.

5      Petitioner argues that based on recent California law, so called "Marshy's Law,"

6  he did not receive the procedural due process he was entitled.  This argument, however, is based

7  on California law, which in a federal habeas action is not the standard.  Rather, a writ of habeas

8  corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law

9  binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985);

10  Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not available for alleged error in

11  the interpretation or application of state law.  Middleton, 768 F.2d at 1085; see also Lincoln v.

12  Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir.

13  1986).

14      However, a "claim of error based upon a right not specifically guaranteed by the

15  Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so

16  infects the entire trial that the resulting conviction violates the defendant's right to due process."

17  Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th

18  Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a

19  claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete

20  miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396

21  F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

22      As set forth above, a federal habeas court is only to determine whether a prisoner

23  challenging a denial of parole decision has received the minimal amount of procedural due

24  process of an opportunity to be heard and a statement of the reasons why parole was denied.  No

25  further inquiry is to be conducted.  Petitioner's statement that this court should inquire whether

26  additional state law protections were granted goes beyond the scope of federal habeas review.

1    Petitioner received the minimum procedural protections guaranteed by the federal

2    constitution.  Accordingly, his petition for a writ of habeas corpus shall be summarily dismissed.

3    Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the

4    court has considered whether to issue a certificate of appealability.  Before petitioner can appeal

5    this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.

6    22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under

7    28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

8    constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

9    appealability indicating which issues satisfy the required showing or must state the reasons why

10   such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed

11   on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)

12   'that jurists of reason would find it debatable whether the district court was correct in its

13   procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition

14   states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775,

15   780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

16   For the reasons set forth in the Magistrate Judge's findings and recommendations, the court finds

17   that issuance of a certificate of appealability is not warranted in this case.

18   Accordingly, IT IS HEREBY ORDERED that:

19        1.    Petitioner's petition for writ of habeas corpus is summarily dismissed;

20        2.    The court declines to issue a certificate of appealability; and

21        3.    The Clerk of the Court is directed to enter judgment and close this case.

22

23   DATED:  November 21, 2011

24                                         _____
                                           CRAIG M. KELLISON
25                                         UNITED STATES MAGISTRATE JUDGE

26